UNITED STATES of America,
Appellee,

v.

Wilfredo BERMUDEZ, also known as El Gordo, also known as Willie; Felipe Guaba Rosario, also known as El Tigre; Jose Colon, also known as Coleto; Juan Balaguer; Thomas Polanco–Perez, also known as Junior; Yolanda Santos, also known as Yoly; Hector Luis Arroyo, also known as Piro; Sharon Diaz, also known as Chari; Jose R. Pedro, also known as Raymond; Anthony Martinez, also known as Tony Montana, also known as Tony 98; Abu Ashorobi; John Lnu also known as Eduardo, also known as Lucky; Catalina Reyes, also known as Soledad; Jose Antonio Colon, also known as Flame; and Omayra Hernandez, Defendants,

and

Mufutau Biodin Olanrewaju,
also known as Murphy,
Defendant–Appellant.

Nos. 00–1226, 00–1227.

United States Court of Appeals,
Second Circuit.

April 20, 2001.

Richard E. Signorelli, New York, NY, Stern Levy & Pellegrino, New York, NY, for appellant.

Mary Jo White, United States Attorney for the Southern District of New York by Asst. U.S. Attorney Marcia S. Cohen, Asst. U.S. Attorney Baruch Weiss, for appellee.

Present MINER, SACK, Circuit Judges, RAGGI,[1] District Judge.

1. The Honorable Reena Raggi of the United States District Court for the Eastern District

SUMMARY ORDER

ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the decision of the district court be and hereby is AFFIRMED.

Defendant-appellant Mufutau Biodin Olanrewaju appeals from judgments of conviction entered in the United States District Court for the Southern District of New York on March 27, 2000, for conspiracy to distribute and possess with intent to distribute heroin in violation of 21 U.S.C. § 846, *see* 92 CR 226(MBM), and bail jumping in violation of 18 U.S.C. § 3146, *see* 94 CR 1046(MBM). Olanrewaju, who is presently incarcerated serving a 151–month prison term, challenges these convictions on three grounds: (1) his guilty pleas were involuntarily entered without effective assistance of counsel; (2) the district judge erred in calculating Olanrewaju's sentence based on more than one kilogram of heroin; and (3) the judge neglected to rule on defense motions for (a) a two-level guideline reduction for acceptance of responsibility, *see* U.S. Sentencing Guidelines Manual § 3E1.1(a) (2000), and (b) a similar reduction pursuant to U.S.S.G. §§ 2D1.1(b)(6), 5C1.2, commonly referred to as the "safety valve." None of these claims has merit.

*Factual Background*

Olanrewaju was arrested on March 25, 1992, for supplying heroin to a drug distribution ring headed by Wilfredo Bermudez. Some months later, Olanrewaju absconded and remained a fugitive until May 12, 1998. On May 11, 1999, the day trial was scheduled to commence, Olanrewaju pleaded guilty to heroin conspiracy and bail jumping. Although Olanrewaju admitted supplying the Bermudez organization with approximately 300 grams of heroin, he insisted that he had not dealt in one kilogram or more of the drug as charged in the indictment. Judge Mukasey accepted the plea, finding that any dispute as to drug quantity could be resolved at a sentencing hearing.

Before that hearing could take place, but after release of his pre-sentence report, Olanrewaju accused his retained counsel of ineffective assistance at his plea. Judge Mukasey relieved counsel and appointed a new attorney to represent Olanrewaju. That attorney did not pursue a Sixth Amendment challenge to the validity of Olanrewaju's guilty plea. Instead, he focused exclusively on the proper calculation of his client's guideline sentencing range.

At a sentencing hearing, co-conspirator Wilfredo Bermudez testified to Olanrewaju's involvement in heroin sales totaling 1,389 grams. A New York City detective then detailed admissions made by Olanrewaju at a 1992 proffer session with law enforcement officials. At the conclusion of the hearing, Judge Mukasey found that Olanrewaju had dealt in more than one kilogram of heroin and calculated his base offense level at 32. *See* U.S.S.G. § 2D1.1(c) (applying level 32 to drug offenses involving one to three kilograms of heroin). With a two-point enhancement for obstruction of justice based on flight and a criminal history category of I, Olanrewaju faced a guideline sentencing range of 151–188 months' incarceration. Before the court imposed sentence, Olanrewaju renewed his claim that retained counsel had been ineffective in connection with his plea. Judge Mukasey rejected the argument and sentenced Olanrewaju to 151–months' incarceration.

*Ineffective Assistance Challenge to Guilty Pleas*

■ Olanrewaju submits that his guilty pleas are invalid because retained counsel

of New York, sitting by designation.

ineffectively deprived him of the opportunity to plead pursuant to more favorable agreements. Specifically, Olanrewaju faults counsel for failing to advise the prosecution in December 1998 that his client would accept a plea agreement offering a sentence of 24 to 27 months in jail. Olanrewaju further complains of counsel's failure in April 1999 to communicate his willingness to accept the offer of a "telephone count." *See* 21 U.S.C. § 843(b) (1994). Olanrewaju asks that his conviction be vacated and that he be allowed to plead guilty pursuant to one of the more favorable agreements. The claim is rejected.

■ An attorney's failure to communicate a plea offer to his client or to advise him as to its advantages relative to standing trial can constitute objectively unreasonable representation. *See United States v. Gordon,* 156 F.3d 376, 380 (2d Cir.1998); *Boria v. Keane,* 99 F.3d 492, 496–98 (2d Cir.1996). Presumably, counsel's failure to communicate his client's timely acceptance of an advantageous plea offer could also constitute unreasonable representation. In this case, however, the only evidence supporting Olanrewaju's claim that such advantageous offers ever existed, that he accepted them, and that his attorney failed to convey his acceptance to the government, is defendant's own self-serving assertion. Judge Mukasey did not need to hold a hearing to evaluate the credibility of this assertion. His extensive dealings with defendant while the case was pending before him, together with other evidence in the record, amply justified his conclusion that Olanrewaju's ineffectiveness claim was "nonsense," (A.215), and that no good reason warranted vacating his guilty pleas.

First, the judge knew that Olanrewaju had made no mention of any prior plea offers at the time of his allocution. Neither did he voice any complaint about counsel's handling of plea negotiations.

To the contrary, after being fully advised of his rights, Olanrewaju twice stated that he had discussed his pleas fully with counsel and was satisfied with his attorney's representation. (A.39, 55–56). He further stated that no promises about sentence had been made to him. (A.63). The "strong presumption of verity" that attaches to such "[s]olemn declarations in open court," *Blackledge v. Allison,* 431 U.S. 63, 74, 97 S.Ct. 1621, 52 L.Ed.2d 136 (1977); *accord United States v. Maher,* 108 F.3d 1513, 1530 (2d Cir.1997), seriously undercuts Olanrewaju's present assertion that, on May 11, 1999, he was surprised to learn that counsel's ineffectiveness had deprived him of the opportunity to plead to a telephone count or some other charge that limited his sentence to approximately two years.

Second, Judge Mukasey knew that defendant's claim of outstanding plea offers in December 1998 and April 1999 was at odds with the prosecution's September 3, 1998 pronouncement in open court that it was withdrawing the only plea offer it intended to make in the case since defendant had not accepted it in time to spare the prosecution the burden of preparing for trial. *See* Sept. 3, 1998 Tr. 2. It is inherently implausible that months after this withdrawal, prosecutors would offer a telephone count to a significant heroin supplier who had jumped bail. This was not, after all, a case in which the prosecution evidence had dissipated with time. Bermudez was still available to testify about his heroin purchases from Olanrewaju, and his testimony was significantly corroborated by Olanrewaju's intercepted telephone conversations, as well as his 1992 admissions to authorities.

Finally, Judge Mukasey knew firsthand that Olanrewaju was inclined to prevaricate to his own advantage. On the morning of trial, he had pressed his attorney to

seek an adjournment on the grounds that he needed to locate two witnesses who could testify that he was not the person depicted in certain surveillance pictures or intercepted on certain tape recordings. In fact, Olanrewaju knew that any such evidence would be false. Similarly, at his plea allocution, Olanrewaju sought to minimize his role in the charged conspiracy. Initially, he denied ever supplying Bermudez with heroin. Later, he admitted supplying a small sample of poor quality heroin, but insisted that he never agreed to sell a larger amount. Only after Judge Mukasey questioned the sufficiency of the allocution did Olanrewaju admit that he had agreed to provide Bermudez with up to 300 grams of heroin. But even this statement was untrue since Olanrewaju had been intercepted discussing a 600 gram heroin transaction with Bermudez, and Bermudez himself would testify to transactions totaling well over one kilogram.

Given the totality of these circumstances, the trial judge properly concluded that Olanrewaju's May 11, 1999 guilty pleas were knowingly and voluntarily entered and that there was no credible basis for further inquiry into his self-serving claim that counsel had deprived him of the opportunity to plead guilty pursuant to more favorable agreements.

*Sentencing Challenge to Drug Quantity*

In *Apprendi v. New Jersey*, 530 U.S. 466, 490, 120 S.Ct. 2348, 2362–63, 147 L.Ed.2d 435 (2000), the Supreme Court held that "any fact," other than a prior conviction, "that increases the penalty for a crime beyond the prescribed statutory maximum" must be treated as an element of the crime and "proved beyond a reasonable doubt." Relying on this holding, Olanrewaju submits that his sentence must be vacated because it was calculated with reference to a drug quantity, *i.e.*, more than a kilogram of heroin, that was not proved beyond a reasonable doubt.

■ The indictment against Olanrewaju did reference 21 U.S.C. § 841(b)(1)(A), which provides for a ten-year minimum and possible lifetime maximum sentence in cases involving a kilogram or more of heroin. By comparison, 21 U.S.C. § 841(b)(1)(B) provides for a five-year minimum and forty-year maximum in cases involving 100 grams or more of heroin, while 21 U.S.C. § 841(b)(1)(C) provides for a zero-to-twenty year sentence in heroin cases that specify no particular quantity. Since *Apprendi*, many federal prisoners have conflated (1) that decision's requirement for proof beyond a reasonable doubt of facts that trigger otherwise inapplicable mandatory minimums or higher sentencing maximums with (2) the proof necessary to establish guideline factors relevant to calculation of the appropriate sentencing range without regard to any statutory minimum or maximum. Recently, this court joined nine sister circuits in ruling that *Apprendi* does not require a guideline factor "unrelated to a sentence above a statutory maximum or to a mandatory minimum" to be submitted to a jury or proved beyond a reasonable doubt. *United States v. Garcia*, 240 F.3d 180, 184 (2d Cir.2001). Disputes as to such matters are still appropriately resolved by a sentencing judge applying a preponderance of the evidence standard to the proof.

■ In this case, the 151–month sentence imposed on Olanrewaju was based on the same guideline calculation that would apply regardless of whether his case fell within section 841(b)(1)(A), (B), or (C). Indeed, the sentence is well below the twenty-year maximum provided in section 841(b)(1)(C). Because Olanrewaju's sentence was the product of a guideline calculation "unrelated" to the minimum or maximum terms fixed in section 841(b)(1)(A), it

was entirely appropriate for Judge Mukasey to determine the applicable drug quantity guideline by a preponderance of the evidence.

■ In the alternative, Olanrewaju argues that his involvement in more than a kilogram of heroin was not proved by even a preponderance of the evidence. To sustain this claim, defendant must show that the district court's fact finding was "clearly erroneous," *United States v. Moreno,* 181 F.3d 206, 213 (2d Cir.1999) (quoting *United States v. Hazut,* 140 F.3d 187, 190 (2d Cir.1998)), a burden he cannot meet. Co-conspirator Bermudez testified to six occasions when he purchased a total of 1,163 grams of heroin directly from Olanrewaju. He further implicated Olanrewaju in the sale of another 226 grams of heroin from "Avvu" to Bermudez. Judge Mukasey credited this testimony, finding it "generally corroborated" by the tape recordings in the case and by Olanrewaju's 1992 admissions to law enforcement authorities, notably his admission that "Avvu" was his partner. (A.205). On appeal, Olanrewaju attacks Bermudez's credibility and emphasizes that not every transaction testified to by this witness was corroborated on the tapes. This argument misses the point. Judge Mukasey heard enough corroborative evidence that, coupled with his own assessment of Bermudez's demeanor, he was prepared to credit the witness's overall testimony as to drug quantity. This factual conclusion was well within the judge's discretion and sufficed to prove Olanrewaju's involvement in over one kilogram of heroin by a preponderance of the evidence.

*Failure to Rule on Acceptance of Responsibility and Safety Valve*

■ Olanrewaju's claim that the district judge failed to rule on his motion for acceptance of responsibility and safety valve credit merits little discussion. Implicit in Judge Mukasey's finding that Olanrewaju had obstructed justice by jumping bail is a finding that he was not entitled to credit for acceptance of responsibility. *United States v. Loeb,* 45 F.3d 719, 722 (2d Cir. 1995) (finding that "intentional flight from a judicial proceeding" supports both a guideline enhancement for obstruction of justice and a denial of acceptance of responsibility credit); U.S.S.G. § 3E1.1 cmt. n. 4 ("Conduct resulting in an [obstruction] enhancement ... ordinarily indicates that the defendant has not accepted responsibility for his criminal conduct.").

Further, the court's ruling that Olanrewaju had dealt over one kilogram of heroin, not 300 grams as he claimed, effectively rejected his motion for acceptance of responsibility and safety valve credit. *See* U.S.S.G. § 3E1.1 cmt. n. 1(a) ("[A] defendant who falsely denies, or frivolously contests, relevant conduct that the court determines to be true has acted in a manner inconsistent with acceptance of responsibility."); U.S.S.G. § 5C1.2(5) (to qualify for safety valve consideration, a defendant must disclose to the government "all information and evidence the defendant has concerning the offense or offenses that were part of the same course of conduct or of a common scheme or plan").

For the foregoing reasons, the judgment of the District Court is hereby AFFIRMED.